AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| REDELL WILLIAMS III | ) Case No. 5:22-MJ-0690 (ML) |
| | ) |
| Defendant. | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of November 10, 2022 in the county of Onondaga in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(B) | Possession with intent to distribute controlled substance, which violation involved 28 grams or more of a mixture and substance which contains cocaine base. |

This criminal complaint is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

_____
Complainant's signature

Robert C. Wiegand, Task Force Officer
_____
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: November 10, 2022

_____
Judge's signature

City and State: Binghamton, NY

Hon. Miroslav Lovric, U.S. Magistrate Judge
_____
Printed name and title

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Robert C. Wiegand, having been duly sworn, do hereby state and depose as follows:

### AGENT BACKGROUND

1.     I am the applicant herein and I am currently assigned to Group D-54A of the Drug Enforcement Administration ("DEA"). I have been sworn as a Federal Task Force Officer ("TFO") and am deputized as a DEA Agent. I was deputized as a federal agent in April 2010, and then again in October 2015. I have also been an Investigator with the Onondaga County District Attorney's Office since 2015. I was previously a Narcotics Detective with the Syracuse Police Department ("SPD") from 1994 to 2014. I have submitted affidavits in support of search warrants and applications for orders authorizing the interception of wire communications. I have participated in the execution of hundreds of search warrants for controlled substances in which controlled substances, narcotics proceeds, and drug paraphernalia have been seized. I have also participated in the execution of many eavesdropping warrants, the subject of which was the possession and sale of narcotics. I have interviewed and worked with many confidential and reliable informants whose assistance has resulted in the recovery of narcotics. I have attended several schools and seminars, including those offered by SPD, the New York Division of Criminal Justice Services, and the DEA, which concern the enforcement of the laws prohibiting trafficking in narcotics and dangerous drugs, as well as the packaging and concealment of narcotics. As a result of my training and experience, I am familiar with the language, conduct, and customs of people engaged in conspiracies to distribute and possess illegal controlled substances.

### PURPOSE OF AFFIDAVIT

2.     I make this affidavit in support of a criminal complaint charging Redell WILLIAMS III with possession with intent to distribute cocaine and cocaine base, in violation of

1

21 U.S.C. § 841(a)(1) and (b)(1)(B).

## BASIS FOR INFORMATION

3. I have personally participated in the investigation of the above offenses, some of which is described in this affidavit. As a result of my personal participation in this investigation, by means of interviews with and analysis of reports submitted by members of the DEA, Syracuse Police Department, Onondaga County Sheriff's Office, and other local and state law enforcement agencies, I am familiar with most aspects of this investigation.

4. Since this affidavit is being submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe establish probable cause for the complaint.

## FACTS ESTABLISHING PROBABLE CAUSE

5. During this investigation, other law enforcement agents and I learned information in August 2022 indicating that Redell WILLIAMS III was distributing cocaine base in the Syracuse, NY area.

6. On November 07, 2022, United States Magistrate Judge Miroslav Lovric authorized a search warrant for a residence on Hutchinson Avenue in Syracuse, New York ("the Subject Premises"), which was believed to be the residence of Redell WILLIAMS III.

7. On November 10, 2022, surveillance units observed WILLIAMS and two school-aged children driving away from the Subject Premises in a gray Chevrolet Impala. Officers/Agents followed the vehicle to an elementary school on the south side of the City of Syracuse. Officers/Agents observed WILLIAMS drop off the children, and after WILLIAMS left the school, law enforcement stopped the Chevrolet Impala and detained WILLIAMS.

8.  Immediately after being detained WILLIAMS was read his *Miranda* warnings and agreed to speak with officers/agents. During WILLIAMS'S interview, he stated that there was cocaine on top of a shelf in the dining room of the Subject Premises. WILLIAMS also stated that his girlfriend and niece were at the Subject Premises and that there were no weapons there. Shortly after the stop and interview, WILLIAMS was transported back to the Subject Premises and officers executed the search warrant. Upon entry, WILLIAMS'S girlfriend and niece were located within the Subject Premises without incident.

9.  Upon a search, officers located on a corner cabinet in the dining room:

    a.  A clear Ziploc bag containing a white powder substance weighing approximately 512 grams. The white powder substance field tested positive for the presence of cocaine;

    b.  A clear plastic bag weighing approximately 200 grams of marihuana;

10. Additionally, law enforcement located on a second corner cabinet in the dining room:

    a.  A plastic bag containing what was determined to be approximately 211 grams of cocaine base after a field test;

    b.  Another plastic bag which contained approximately 19 grams of cocaine as determined by a field test;

    c.  Three digital scales with a white residue on top

11. These bags of cocaine were located where WILLIAMS had described to officers/agents when interviewed. Officers recovered another plastic bag containing what was field tested and determined to be approximately 1.7 grams of powder cocaine in a purse located in the living room. Additionally, law enforcement recovered an undetermined amount of US

3

currency, believed to be narcotic proceeds, that was concealed in the top drawer of a night stand in the upstairs bedroom. Located on top of the same nightstand where the US currency was recovered was an ID in the name of Redell WILLIAMS III.

12.   During the execution of the search warrant, officers also observed and photographed numerous pieces of mail in the name of WILLIAMS addressed to the Subject Premises.

13.   I know, based on my training and experience, that the quantities of powder cocaine and cocaine base described above are far greater than what a person would typically possess for his or her own personal use. I also know that drug distributors often use digital scales to measure quantities for distribution to customers.

## CONCLUSION

14.   In light of the foregoing, I respectfully submit that there is probable cause to believe that Redell WILLAIMS III possessed with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Robert C. Wiegand
Task Force Officer, DEA

I, the Honorable Miroslav Lovric, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on November 10, 2022, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Miroslav Lovric
U.S. Magistrate Judge

4